IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSHUA D. BENSON §
§
 Defendant Below, § No. 216, 2018
 Appellant, §
§ Court Below—Superior Court
 v. § of the State of Delaware
§
STATE OF DELAWARE, § ID. No. 1611007969 (K)
§
 Plaintiff Below, §
 Appellee. §

Submitted: September 25, 2018
Decided: December 5, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Joshua D. Benson, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Benson's opening brief that his appeal is without merit. We agree and affirm.

(2) On August 1, 2017, Benson pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Resisting Arrest. As part of his plea agreement, the parties agreed that Benson was a habitual offender and to be sentenced under 11

*Del. C.* §4214(d) due to his convictions for Assault in the Second Degree in 2003, Reckless Endangering in the First Degree in 2005, and Carrying a Concealed Deadly Weapon (Firearm) in 2012. They also agreed to recommend a fifteen-year Level V sentence for the PFBPP offense and one year of suspended Level V time for the Resisting Arrest offense. On August 1, 2017, the Superior Court accepted Benson's guilty plea, declared him a habitual offender, and sentenced him as the parties recommended in the plea agreement. Benson did not appeal the Superior Court's judgment.

(3)     On October 4, 2017, Benson filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). He argued that his sentence under § 4214(d) was illegal because a first conviction for Carrying a Concealed Deadly Weapon is a non-violent felony. The State opposed the motion. On April 17, 2018, the Superior Court denied Benson's motion because the sentence was imposed pursuant to a plea agreement, the motion was time-barred, the sentence imposed was mandatory and could not be reduced, and the sentence was appropriate for all of the reasons stated at sentencing. This appeal followed. The Superior Court denied Benson's motion for transcripts at State expense.

(4)     In his opening brief, Benson argues that: (i) the Superior Court erred in denying his motion for transcripts at State expense; (ii) the Superior Court erred in finding his motion time-barred; and (iii) he could not be sentenced as a habitual

2

offender under § 4214(d) because Carrying a Concealed Deadly Weapon is not a violent felony under 11 *Del. C.* § 4201(c). As to the denial of Benson's motion for transcripts at State expense, the transcript of Benson's guilty plea and sentencing is attached to the State's motion to affirm and does not support Benson's claims.

(5)  As to Benson's other claims, we review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[1]  Questions of law are reviewed *de novo*.[2]  Even though Benson's motion for correction of illegal sentence was not time-barred,[3] the motion was without merit.  Benson agreed in his plea agreement that he was subject to habitual offender sentencing under § 4214(d) due to his convictions for Assault in the Second Degree in 2003, Reckless Endangering in the First Degree in 2005 and Carrying a Concealed Deadly Weapon (Firearm) in 2012.

(6)  Under § 4214(d), a person who has been convicted of two or more Title 11 violent felonies as defined in § 4201(d) and who is convicted of a third or subsequent Title 11 violent felony must receive a minimum sentence of the statutory maximum penalty for his latest Title 11 violent felony.  Benson does not dispute that Assault in the Second Degree and Reckless Endangering in the First Degree are

---

[1] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).
[2] *Id.*
[3] A motion for correction of illegal sentence may be filed at any time.  Super. Ct. Crim. R. 35(a). A motion to correct a sentence imposed in an illegal manner or for reduction of sentence must be filed within 90 days of sentencing.  Super. Ct. Crim. 35(b).  Benson filed his motion on October 4, 2017, which was within 90 days of his sentencing on August 1, 2017.

3

violent felonies. Carrying a Concealed Deadly Weapon (Firearm) is also, contrary to Benson's contention, designated as a violent felony under § 4201(c). The statutory maximum penalty for PFBPP, which is a Class C felony for someone like Benson who is eligible for sentencing under § 1448(e) due to a previous violent felony conviction, is fifteen years.[4] To the extent Benson claims he could not be sentenced to more than ten years of Level V incarceration under § 1448(e)(1)(c), he ignores that this section defines the minimum sentence for PFBPP, not the maximum sentence.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is granted and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] 11 *Del. C.* 1448(c) (providing that PFBPP is a Class C felony if the person is eligible for sentencing under § 1448(e)); 11 *Del. C.* § 4205(b)(3) (maximum penalty for Class C felony) is fifteen years of Level V incarceration).

[5] *Carpenter v. State*, 2015 WL 3454595, at *1 (Del. May 28, 2015) (holding ten-year sentence imposed under § 4214 was not illegal for violating § 1448(e)(1)(c), which then provided for a five-year sentence, because § 1448(e)(1)(c) "set the minimum sentence that the Superior Court was required to impose" and that the Superior Court could impose up to life imprisonment under § 4214).